```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 08-22672-CIV-LENARD
                           MAGISTRATE JUDGE P. A. WHITE
```

JOSEPH BLUE,                         :

      Plaintiff,                  :

v.                                   :     <u>PRELIMINARY REPORT</u>
                                          <u>OF MAGISTRATE JUDGE</u>
JUAN PATARROYO, ET AL.,              :

                                          :
      Defendants.
_____       :

I.  <u>Introduction</u>

Joseph Blue, currently incarcerated at the Dade Correctional Institution ("DCI"), has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983 seeking monetary damages and other relief. [DE# 1]. The plaintiff has been granted leave to proceed <u>in forma pauperis</u>. [DE# 4].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

                  *   *   *

>  (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>  \* \* \*
>
>  (B) the action or appeal –
>
>  \* \* \*
>
>  (i)  is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names as defendants DCI Correctional Officer Juan Patarroyo; DCI Assistant Warden Herman Schoening; and DCI Correctional Officer Sharon Smith-Butler.

The plaintiff raises the following general allegations:

1. Patarroyo violated the plaintiff's First Amendment rights by falsifying a disciplinary report against the plaintiff in retaliation for stating that he wanted to file a grievance.

2. Patarroyo violated the plaintiff's Eighth Amendment rights when he placed the plaintiff in danger by announcing to all inmates in the dormitory that they would have to work every day because of the plaintiff's conduct, and some inmates threatened harm to the plaintiff as a result.

3. Patarroyo violated the plaintiff's First Amendment rights when he gave the plaintiff an unjustified unsatisfactory work rating in retaliation for filing a grievance.

4. Schoening violated the plaintiff's Fourteenth Amendment rights when he denied the plaintiff's grievance without conducting an adequate investigation.

5. Smith-Butler violated the plaintiff's First Amendment rights when she denied the plaintiff access to the courts

by failing to allow him to appear telephonically before a state court in his civil action against BankAtlantic.

## Retaliation

The plaintiff alleges that Patarroyo issued him a false disciplinary report and took him to administrative confinement after the plaintiff threatened to file a grievance on December 21, 2007, after the plaintiff believed he was being falsely accused of not reporting for work. The plaintiff states that the disciplinary report was ultimately overturned and expunged from the plaintiff's file. The plaintiff further alleges that in May, 2008 Patarroyo gave the plaintiff an unjustified unsatisfactory work rating in retaliation for filing a grievance, which has resulted in the loss of possible gain time.

A claim that a prison official retaliated against an inmate may raise a violation of an inmate's First Amendment rights. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989); Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986). It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. See, e.g., Farrow v. West, 320 F.3d 1235, 1248 (11 Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and

the protected speech. See Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11 Cir. 2005); Smith v. Mosley, 2008 WL 2609353, 4 (11 Cir. 2008).

In this case, the plaintiff has raised facts to state a possible First Amendment claim against Patarroyo. The plaintiff alleges specifically that he engaged in protected activity by verbally complaining and stating that he was going to file a grievance and by actually filing a grievance, and Patarroyo engaged in acts of retaliation in response to those complaints. The plaintiff has stated sufficient facts under the Twombly or any "heightened pleading" standard to state a claim for relief under the First Amendment against Patarroyo.

The plaintiff does not specify whether he seeks to sue the defendant in his individual or official capacity. A §1983 suit against the defendant in his official capacity is tantamount to a suit against the State, and thus the defendant would be immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11 Cir. 1986). The allegations of the complaint, however, state a classic case of an official acting outside the scope of his duties and in an arbitrary manner. Scheuer v. Rhodes, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the defendant in his individual capacity. Moreover, a determination of whether the defendant might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

<u>Endangerment</u>

The plaintiff alleges that Patarroyo put his safety in danger after he announced that all inmates in the plaintiff's dormitory were being punished because of the plaintiff's complaints and actions.

It is well settled that the failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation, however, the constitutional rights of inmates are not violated every time one inmate is injured as a result of another's actions. Farmer v. Brennan, 511 U.S. 825, 828, 833-34 (1994); Smith v. Wade, 461 U.S. 30 (1983); Carter v. Galloway, 352 F.3d 1346, 1349 (11 Cir. 2003); Zatler v. Wainwright, 802 F.2d 397, 400 (11 Cir. 1986).

In a Section 1983 suit against prison officials based on a claim of cruel and unusual punishment, a showing of conscious or callous indifference to the prisoner's rights is required. There must be deliberate indifference to state a claim under §1983, negligence is not enough. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976); Brown v. Hughes, 894 F.2d 1533, 1537-38 (11 Cir. 1990); Washington v. Dugger, 860 F.2d 1018, 1021 (11 Cir. 1988). A prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment. Carter v. Galloway, supra, 352 F.3d at 1349 (citing Helling v. McKinney, 509 U.S. 25 (1993)).

The deprivation alleged must be, objectively, "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Hudson v. McMillian, 503 U.S. 1 (1992). The prisoner must show that he or she is incarcerated under conditions that pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  This

risk violates the Eighth Amendment's requirement "that inmates be furnished with basic human needs, one of which is 'reasonable safety.'" Helling, 509 U.S. at 33 (quoting DeShaney v. Winnebago County Dept. Social Services, 489 U.S. 189 (1989)).

Regarding the second requirement, deliberate indifference, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," Farmer v. Brennan, supra, 511 U.S. at 834. Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, Davidson v. Cannon, 474 U.S. 344 (1976); Estelle, supra, 429 U.S. at 104; Parker v. Williams, 862 F.2d 1471 (11 Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety.  Whitley v. Albers, 475 U.S. 312 (1986).

With regard to the third requirement, there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation, see: Zatler v. Wainwright, supra, 802 F.2d at 401; LaMarca v. Turner, 995 F.2d 1535, 1536 (11 Cir. 1993). "Personal participation ... is only one of several ways to establish the requisite causal connection," Zatler v. Wainwright, supra at 401, and thus, personal participation is not the sine qua non for the defendants to be found personally liable.  Swint v. City of Wadley, Ala., 5 F.3d 1435, 1446 (11 Cir. 1993), opinion modified on other grounds, 11 F.3d 1030 (11 Cir. 1994). The defendant official must, however, be aware of and ignore a substantial risk of serious harm to the inmate. In such cases, a finding of liability requires a showing that the responsible official was subjectively conscious of specific facts from which the inference could be drawn that a substantial risk of harm to the prisoner exists, and the official

must also "draw the inference." Farmer v. Brennan, supra, 511 U.S. at 837; Carter v. Galloway, supra, at 1349 (noting that in order to be held liable, the existence of a serious risk of harm and legal causation, alone, are not enough).

The plaintiff has raised sufficient facts to state a claim of unconstitutional endangerment against Patarroyo. The plaintiff has alleged that Patarroyo may have acted with deliberate indifference to a known, substantial risk of serious harm, and thus the Complaint meets the Twombly or any heightened pleading standard. The plaintiff has not alleged that he suffered any actual injury, but that does not automatically bar this claim. When a prisoner files a complaint without a showing of more than de minimis physical injury, Section 1997e(e) operates to bar recovery of compensatory and punitive damages for mental and emotional injury suffered while the plaintiff was incarcerated; and in the Eleventh Circuit the §1997e(e) bar precluding recovery compensatory and punitive damages has been held to apply to constitutional claims other than those involving physical injury. Harris v. Garner, 190 F.3d 1279, 1286-87 (11 Cir. 1999), vacated in part and reinstated in part, Harris v. Garner, 216 F.3d 970, 984-85 (11 Cir. 2000) (en banc),[1] cert. denied, 532 U.S. 1065 (2001). The Eleventh Circuit,

---

[1] In the Harris case, eleven Georgia inmates, all of whom were confined at the time that the complaint was filed, brought a lawsuit claiming that their federal constitutional rights were abridged when Georgia prison officials conducted a "shake down." By the time the district court entered judgment, however, six of the plaintiffs had been released from confinement. The district court nonetheless applied §1997e(e) to bar the released prisoners' claims for monetary relief, because they had not alleged the requisite physical injury. A panel of the Eleventh Circuit reversed the district court's judgment insofar as it applied §1997e(e) to the released plaintiffs' monetary claims, Harris v. Garner, supra,

in Harris, supra, however, did not hold that all §1983 claims die simply because §1997e(e) operates to preclude recovery of compensatory and punitive damages where there is no physical injury. Under appropriate circumstances, a viable claim for nominal damages, or declaratory or injunctive relief may survive, even if entitlement to other damages is barred under §1997e(e).[2]

---

190 F.3d at 1284-85, but the Eleventh Circuit granted rehearing en banc, Harris v. Garner, 197 F.3d 1059 (11 Cir. 1999) which vacated the panel opinion. Subsequently, the Eleventh Circuit reinstated the panel opinion except for the portion of the opinion involving the question whether §1997e(e) applied to suits that were filed by plaintiffs who were incarcerated when filing, but were released while the action was still pending. Harris v. Garner, 216 F.3d 970, 984-85 (11 Cir. 2000) (en banc).

[2]   The Court in Harris held that §1997e(e) is a limitation on the damages which are recoverable, but does not preclude the prisoner's right to seek declaratory and injunctive relief. Harris, supra, 190 F.3d at 1287-88. Moreover, the Court expressed no view on whether §1997e(e) would bar nominal damages which normally are available for the violation of certain "absolute" constitutional rights, without a showing of actual injury, Harris, 190 F.3d at 1288 n.9 (citing Carey v. Piphus, 435 U.S. 247, 266 (1978)), and thus Harris does not stand for the proposition that all actions for redress of alleged abridgement of constitutional rights are barred if there is no physical injury. The Court has left open the question whether, upon a prisoner's showing that he or she had suffered the violation of some absolute constitutional right, the prisoner/plaintiff might be entitled to nominal damages (in addition to declaratory and/or injunctive relief) for redress of the constitutional tort even in the absence of physical injury. Several other circuits have reached the question regarding availability of nominal damages, and have held that [apart from any unavailability of punitive and/or compensatory damages resulting from the statutory language of §1997e(e)] prisoner plaintiffs may sue on constitutional claims and if they prevail may at least recover nominal damages. See Thompson v. Carter, 284 F.3d 411, 418 (2 Cir. 2002) (declaratory and injunctive relief, and nominal damages not barred); Searles v. Van Bebber, 251 F.3d 869, 878-80 (10 Cir. 2001) (compensatory damages barred, but nominal damages and punitive damages are not); Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3 Cir. 2000) (compensatory damages are barred, but nominal and punitive damages are recoverable); Rowe v. Shake, 196 F.3d 778, 781-82 (7 Cir. 1999) (declaratory and injunctive relief, and

Failure to Investigate

The plaintiff has failed to raise a constitutional claim with regard to Schoening's alleged failure to investigate his grievance. The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

It is therefore recommended that this claim be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

nominal damages not barred).

Access to the Courts

The plaintiff alleges that Smith-Butler violated his First Amendment rights when she denied him access to the courts by refusing to allow him to appear telephonically before a state court in his civil action against BankAtlantic. The law concerning the right of access to the courts is as follows. Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983).  This right also extends to detainees, including pretrial detainees pending trial, Love v. Summit County, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).  The right to have effective access to the courts, Bounds, Lewis, and Wanniger, supra, includes reasonable access to a law library or adequate assistance from persons trained in the law, Bounds, supra; Straub v. Monge, 815 F.2d 1467 (11 Cir. 1987); Wainwright v. Davenport, 697 F.2d 992 (11 Cir. 1993). However, access to and use of legal materials may be reasonably restricted consistent with the demands of institutional administration.  Turner v. Safley, 482 U.S. 78, 79 (1987); Hoppins v. Wallace, 751 F.2d 1161 (11 Cir. 1985); Wainwright v. Davenport, supra.

To sufficiently allege a denial of access to the courts, an inmate must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992).  To show "some quantum of detriment," the complaint must allege specific facts such as court

dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In the case of Lewis v. Casey, supra, the Supreme Court made clear that not just any prejudice will suffice. In Lewis, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved. Id. at 349-353. (Emphasis added). It is not sufficient to merely allege, for example, the denial of access to a law library, even if the denial is ongoing in nature. Id., at 353 n.4. The Court also stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." Id., at 354. Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, id., or in a civil rights action in which he sought "to vindicate 'basic constitutional rights.'" Id. at 354 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

In this case, the plaintiff alleges that he was denied access to the court for a personal civil matter unrelated to his conviction or incarceration. His civil lawsuit against BankAtlantic is not a criminal appeal, a post-conviction proceeding, or a civil rights action in which he sought to vindicate basic constitutional rights. For this reason, the plaintiff has failed to state a constitutional claim of denial of access to the courts, and it is e recommended that this claim be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

III. Recommendation

Based on the foregoing, it is recommended that:

1. The defendants Schoening and Smith-Butler and the claims concerning failure to investigate the grievance and denial of access to the courts be dismissed as a party to this action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2. The claims of retaliation and endangerment proceed against the defendant Patarroyo, in his individual capacity.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 3rd day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Joseph Blue, <u>Pro Se</u>
     DC No. 103239
     Dade Correctional Institution
     19000 S.W. 377th Street
     Florida City, FL 33034-6499