UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22672-CIV-LENARD/WHITE

**JOSEPH LEWIS BLUE**,

   Plaintiff,
vs.

**JUAN PATARROYO, et al.**

   Defendants.
_____/

**ORDER ADOPTING REPORT OF MAGISTRATE JUDGE (D.E. 8)**

**THIS CAUSE** is before the Court on U.S. Magistrate Judge Patrick A. White's Preliminary Report ("Preliminary Report," D.E. 8), issued on November 4, 2008, recommending that Defendants Schoening and Smith-Butler be dismissed from this action. Plaintiff filed Objections ("Objections" D.E. 11) to the Magistrate Judge's Preliminary Report on November 25, 2008. Having reviewed the Report, the Objections, and the record, the Court finds as follows.

Plaintiff names three defendants in his pro se civil rights complaint pursuant to 42 U.S.C. § 1983: DCI Correctional Officer Juan Patarroyo; DCI Assistant Warden Herman Schoening; and DCI Correctional Officer Sharon Smith-Butler. (See D.E. 1.) Plaintiff makes five claims in his Complaint: (1) Patarroyo violated Plaintiff's First Amendment rights by falsifying a disciplinary report against Plaintiff in retaliation for stating that he wanted to file a grievance; (2) Patarroyo violated Plaintiff's Eighth Amendment rights when he placed Plaintiff in danger by announcing to all inmates in the dormitory that they would

have to work every day because of Plaintiff's conduct, and some inmates threatened harm to Plaintiff as a result; (3) Patarroyo violated Plaintiff's First Amendment rights when he gave the plaintiff an unjustified unsatisfactory work rating in retaliation for filing a grievance; (4) Schoening violated Plaintiff's Fourteenth Amendment rights when he denied Plaintiff's grievance without conducting an adequate investigation; and (5) Smith-Butler violated the plaintiff's First Amendment rights when she denied Plaintiff access to the courts by failing to allow him to appear telephonically before a state court in his civil action against BankAtlantic.

On November 4, 2008, Magistrate Judge White filed a Preliminary Report. (See D.E. 8.) Therein, reviewed Plaintiff's complaint to determine whether it was sufficient under 28 U.S.C. § 1915(e)(2)(B), which proves that: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." Magistrate Judge White found that Plaintiff's retaliation and endangerment claims against Defendant Patarroyo could proceed but his claims against Defendant Schoening and Smith-Butler could not. Magistrate Judge White found that Plaintiff had failed to allege a constitutional violation with regard to Defendant Schoening's alleged failure to investigate his grievance. Magistrate Judge White also found that Defendant Smith-Butler did not violate Plaintiff's constitutional rights when she denied him

2

access to the courts by refusing to allow him to appear telephonically before a state court in his civil action against BankAtlantic, because in order to allege a constitutional violation, Plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which he sought to vindicate basic constitutional rights.

Plaintiff, in his Objections, does not object to Magistrate Judge's findings regarding Plaintiff's claim against Defendant Schoening. As such, the Court declines to address these claims. See 28 U.S.C. § 636(b)(1) (district court is only required to make "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Plaintiff does object to Magistrate Judge White's findings regarding his claim against Defendant Smith-Butler regarding access to the courts. See D.E. 11 at 3.

The Supreme Court has found that prisoners have a constitutional right to effective access to the courts in certain situations  Bounds v. Smith, 430 U.S. 817, 830 (1977). However, an inmate alleging a violation of their right to court access must show actual injury. See Lewis v. Casey, 518 U.S. 343, 349 (1996). "[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. The plaintiff must show that he was prejudiced in a criminal appeal, id., in a post-conviction proceeding, id., or in a civil rights action in which he sought "to vindicate 'basic constitutional rights.'" Id. at 354 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)). "In other words, Bounds does not

3

guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. <u>Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration</u>." <u>Id.</u> (emphasis added). <u>Accord</u> <u>Al-Amin v. Smith</u>, 511 F.3d 1317, 1332 (11th Cir.), <u>cert. denied</u>, 129 S.Ct. 104, 172 L. Ed. 2d 33 (2008) ("The limited types of legal claims protected by the access-to-courts right [are] nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits.").

Accordingly, the Court finds that Magistrate Judge White correctly found that Plaintiff had failed to state a claim against Defendant Smith-Butler, and, therefore, it is hereby **ORDERED AND ADJUDGED:**

1. Magistrate Judge White's Preliminary Report is **ADOPTED**.

2. Plaintiff's claims against Defendants Smith-Butler and Schoening are **DISMISSED.**

3. Plaintiff's claims of retaliation and endangerment may proceed against Defendant Patarroyo.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of February, 2009.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**